**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Blake Lynch,

Plaintiff,

v.

Verizon Wireless Services LLC,

Defendant.

No. CV-25-04482-PHX-MTL

**ORDER**

Pending before the Court is Plaintiff Blake Lynch's Motion for Reconsideration of the Court's November 10, 2026, Order. (Doc. 48.) The Court's Order denied Plaintiff's Motion to Vacate the Court's April 8, 2026, Order that granted the parties' stipulation to compel arbitration and stay this action. (Doc. 44.) The Court has not ordered a response and finds that none is necessary. *See* LRCiv 7.2(g)(2)

**I.**

In April 2026, the parties stipulated to submit Plaintiff's claims to binding arbitration and to stay this action pending the arbitration. (Doc. 23.) The Court granted the stipulation, compelled arbitration, and stayed the case. (Doc. 25.) Plaintiff then initiated arbitration with the American Arbitration Association, and an evidentiary hearing before the arbitrator is set for December 3, 2026. (Doc. 40 at 3.)

Nearly six months after entry of the stipulated order, Plaintiff moved to vacate it. He asserted that Defendant's counsel induced his consent by representing that Defendant did not dispute Plaintiff's claim and wished to arbitrate so that the parties could settle

privately. (Doc. 40 at 2-4.) Plaintiff contended that Defendant's later denial of liability in its arbitration answer revealed the representation to be false. (*Id.* at 2-3.) The Court denied the Motion to Vacate after finding that it was untimely and baseless. (Doc. 44 at 1.) Plaintiff, having invoked no rule at all in his Motion to Vacate, now asks the Court to reconsider its ruling because, in his view, the Court should have supplied a different one.

**II.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation and quotation marks omitted). Reconsideration is appropriate where the court is presented with newly discovered evidence, committed clear error or issued a manifestly unjust decision, or where there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Consistent with these principles, the Court "will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). A motion for reconsideration may not repeat any argument made in support of or in opposition to the motion that resulted in the challenged order. *Id.*

**III.**

Plaintiff argues that the Court should have evaluated his Motion to Vacate under Federal Rule of Civil Procedure 54(b). (Doc. 48.) The Motion to Vacate asked the Court to set aside its April 8, 2026, Order, so the Court construed it as a motion for reconsideration of that Order. (*See* Doc. 40.) Motions to reconsider are subject to LRCiv 7.2(g), which imposes a fourteen-day deadline to file a motion for reconsideration after the date of the filing of the Order that is the subject of the motion. Plaintiff correctly points out that "there are no statutory deadlines," but the local rules have the force of law.

*See United States v. Hvaas*, 355 U.S. 570, 574-75 (1958). Because the motion came nearly six months after the April 8, 2026, Order, the Court found it untimely under LRCiv 7.2(g). (Doc. 44 at 1.) The Court's further observations were alternative grounds and not necessary to its conclusion.

Plaintiff is right that Federal Rule of Civil Procedure 54(b) articulates this Court's power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation and emphasis omitted). But, however styled, motions requesting that the Court exercise this power are appropriately construed as motions for reconsideration, subject to LRCiv 7.2(g). Under LRCiv 7.2(g), Plaintiff's Motion to Vacate (Doc. 40) was untimely, and the Court found that to be the case in its Order (Doc. 25.)

Plaintiff complains that the Court ruled without considering his reply. (Doc. 48.) The prior Order stated that no reply had been filed and found that a reply would not aid the Court's determination. (Doc. 44 at 1 & n.1.) Although the reply bears a November 9, 2026, filing stamp, it was not entered on the docket until after the Court ruled. (Doc. 45 at 1.) The Court, having now reviewed the reply, concludes that its prior finding that the Motion to Vacate was untimely still stands because nothing in the reply adequately addresses it.

The Court will therefore deny Plaintiff's Motion for Reconsideration (Doc. 48). Plaintiff has now asked the Court twice to set aside an order that rests on his own agreement. And twice, the Court found that there is no basis to do so. Plaintiff made a decision to arbitrate his claims. The Court will hold him to it.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 48) is **DENIED**.

Dated this 19th day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge